UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

PETER J. BATTAGLIA, Jr., a/k/a PETER J.
BATTAGLIA and  PETER BATTAGLIA
BATTAGLIA DEMOLITION, INC.,

                       Plaintiffs,

    -against-

OHIO SECURITY INSURANCE COMPANY
LIBERTY MUTUAL INSURANCE,

                       Defendants.

---------------------------------------------------------------------x

Civil Action No.:
1:24-cv-00052-LJV


**OHIO SECURITY INSURANCE COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**


JAFFE & ASHER LLP
445 Hamilton Ave, Suite 405
White Plains, New York 10605
(212) 687-3000

Attorneys for Defendants
OHIO SECURITY INSURANCE COMPANY and
LIBERTY MUTUAL INSURANCE COMPANY

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................1

**SUMMARY OF FACTS AND ALLEGATIONS** .......................................................2

**ARGUMENT** .............................................................................................................4

Point I

THE ACTION SHOULD BE DISMISSED AS AGAINST LIBERTY
MUTUAL BECAUSE IT IS NOT A PARTY TO THE OHIO POLICY .......................4

Point II

THIS COURT SHOULD DISMISS THE BREACH OF THE
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM .............7

    A.    Consequential Damages Were Not Foreseeable or Contemplated ................7

    B.    Plaintiffs Do Not and Cannot Allege that Ohio Security Acted in Bad Faith .............9

    C.    Plaintiffs Fail To Plead Consequential Damages ........................................10

    D.    Plaintiffs' Bad Faith Claim Is Duplicative of Their Contract Claim...........12

Point III

THE CLAIM FOR DECLARATORY RELIEF SHOULD BE DISMISSED ..............13

Point IV

PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF ATTORNEYS' FEES ...................14

Point V

PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF PUNITIVE DAMAGES ..............15

**CONCLUSION** .......................................................................................................18

## TABLE OF AUTHORITIES

2004 Stuart Moldaw Tr. v. XE L.I.F.E., LLC,
642 F. Supp. 2d 226, 238 n.10 (S.D.N.Y. 2009), aff'd, 374 F. App'x 78 (2d Cir. 2010).................6

American List Corp. v. U.S. News and World Report, Inc.,
75 N.Y.2d 38, 550 N.Y.S.2d 590 (1989)...........................................................................................8

American Transit Ins. Co. v. Associated Int'l Ins. Co.,
261 A.D.2d 251, 690 N.Y.S.2d 237 (1st Dep't 1999)....................................................................16

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937 (2009)..............................................................................................4

Atwal v. NortonLifeLock, Inc.,
No. 20-CV-449S, 2022 WL 327471 (W.D.N.Y. Feb. 3, 2022)......................................................12

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955 (2007)..............................................................................................4

Bibeault v. Advanced Health Corp.,
No. 97 Civ 6026 (WHP), 2002 WL 24305 (S.D.N.Y. Jan. 8, 2002)............................................10

Bovis Lend Lease LMB, Inc. v. Great AM. Ins. Co.,
53 A.D.3d 140, 855 N.Y.S.2d 459 (1st Dep't 2008).......................................................................4

Brown v. Erie Ins. Co.,
207 A.D.3d 1144, 172 N.Y.S.3d 299 (4th Dep't 2022)...................................................................9

Compass Concierge, LLC v. 142 Duane Realty Corp.,
222 A.D.3d 428, 201 N.Y.S.3d 35 (1st Dep't 2023).....................................................................12

Dresser Indus., Inc. v. Ins. Co. of N. Am.,
358 F. Supp. 327 (N.D. Tex.), aff'd, 475 F.2d 1402 (5th Cir. 1973)...........................................13

Ebrahimian v. Nationwide Mut. Fire Ins. Co.,
960 F. Supp. 2d 405 (E.D.N.Y. 2013).................................................................................10, 11

Fleming v. Allstate Ins. Co.,
106 A.D.2d 426, 482 N.Y.S.2d 519 (2d Dep't 1984)....................................................................17

Franklin v. Liberty Mut. Ins. Co.,
No. 08 Civ 7120 (DAB)(DF), 2010 WL 5758984 (S.D.N.Y. Oct. 22, 2010).............................10

Gilbane Ldg. Co./TDX const. Corp. v. St. Paul Fire and Marine Ins. Co.,
143 A.D.3d 146, 38 N.Y.3d 1 (1st Dep't 2016).............................................................................4

Goodfellow v. Allstate Indem. Co.,
No. 14-CV-642S, 2014 WL 7384239 (W.D.N.Y. Dec. 29, 2014) ...................................................5

Governmental Employees Ins. Co. v. Ohio Cas. Grp.,
47 F. Supp. 3d 190 (S.D.N.Y. 2014) .............................................................................................6

Great N. Ins. Co. v. Dayco Corp.,
637 F. Supp. 765, 788 (S.D.N.Y. 1986) .......................................................................................15

Hamlet at Willow Creek Development Co., LLC v. Northeast Land Development Corp.,
64 A.D.3d 85, 878 N.Y.S.2d 97 (2d Dep't 2009)............................................................................4

Harris v. Provident Life & Acc. Ins. Co.,
310 F.3d 73 (2d Cir. 2002) ......................................................................................................7, 12

Holoness Realty Corp. v. New York Property Ins. Underwriting Ass'n,
75 A.D.2d 569, 427 N.Y.S.2d 264 (1st Dep't 1980)................................................................16, 17

In re Estates of Covert,
97 N.Y.2d 68, 735 N.Y.S.2d 879 (2001).....................................................................................4, 5

Ins. Co. of Greater N.Y. v. Clermont Armory, LLC,
84 A.D.3d 1168, 923 N.Y.S.2d 661 (2d Dep't 2011).................................................................14, 15

Int'l Rehab. Scis. Inc. v. Gov't Emps. Ins. Co.,
No. 12-CV-1225-A, 2014 WL 638727 (W.D.N.Y. Nov. 14, 2014)...............................................8

Jane Street Holding, LLC v. Aspen Am. Ins. Co.,
No. 13 Civ. 2291 (RWS), 2014 WL 28600 (S.D.N.Y. Jan. 2, 2014), aff'd, 581 F. App'x 49 (2d
Cir. 2014).............................................................................................................................9, 10, 12

Kabrovski v. City of Rochester, New York,
149 F. Supp. 3d 413 (W.D.N.Y. 2015).........................................................................................3

Kantrowitz v. Allstate Indem. Co.,
48 A.D.3d 753, 853 N.Y.S.2d 151 (2d Dep't 2008).................................................................14, 15

Kenford Co., Inc. v. County of Erie,
73 N.Y.2d 312, 540 N.Y.S.2d 1 (1989).........................................................................................8

Mariah Re Ltd. v. Am. Family Mut. Ins. Co.,
52 F. Supp. 3d 601, 623 (S.D.N.Y. 2014), aff'd sub nom., Maria Re Ltd. ex rel. Varga v. Am.
Family Mut. Ins. Co., 607 F. App'x 123 (2d Cir. 2015) .............................................................13

Miller v. Allstate Indem. Co.,
132 A.D.3d 1306, 17 N.Y.S.3d 240 (4th Dep't 2015)...................................................................9

New York Univ. v. Cont'l Ins. Co.,
87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995).................................................................7, 14, 15, 18

O'Keefe v. Allstate Ins. Co.,
90 A.D.3d 725, 934 N.Y.S.2d 481 (2d Dep't 2011)................................................................14, 15

Orester v. Dayton Rubber Mfg. Co.,
228 N.Y. 134, 126 N.E. 510 (1920)..........................................................................................8

Pacific Carlton Dev. Corp. v. 752 Pacific, LLC,
62 A.D.3d 677, 878 N.Y.S.2d 421 (2d Dep't 2009) ..................................................................4, 5

Pagliaroni v. Mastic Home Exteriors, Inc.,
310 F. Supp. 3d 274 (D. Mass. 2018)......................................................................................13

Paterra v. Nationwide Mut. Fire Ins. Co.,
38 A.D.3d 511, 831 N.Y.S.2d 468 (2d Dep't 2007) ...............................................................16, 17

Pavia v. State Farm Mut. Auto. Ins. Co.,
82 N.Y.2d 445, 605 N.Y.S.2d 208 (1993)..................................................................................9

Peralta v. Figueroa,
No. 28093/06, 2007 WL 4104122 (Sup. Ct. Kings Cnty., Nov. 14, 2007) ....................................5

Polaris Venture Partners VI L.P. v. AD-Venture Cap. Partners L.P.,
179 A.D.3d 548, 114 N.Y.S.3d 639 (1st Dep't 2020) ................................................................13

Quincy Mut. Fire Ins. Co. v. New York Cent. Mut. Fire Ins. Co.,
89 F. Supp. 3d 291 (N.D.N.Y. 2014).........................................................................................9

Randall's Island Aquatic Leisure, LLC v. City of N.Y.,
92 A.D.3d 463, 938 N.Y.S.2d 62 (1st Dep't 2012) ....................................................................5

Ripka v. Safeco Ins.,
No. 5:14-CV-1442, 2015 WL 3397961 (N.D.N.Y. May 26, 2015) ..........................................8, 10

Rocanova v. Equitable Life Assurance Soc'y,
83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994).........................................................................15, 17, 18

Sanderson v. First Liberty Ins. Corp.,
No. 8:16-CV-644, 2017 WL 5176371 (N.D.N.Y. Nov. 7, 2017)...................................................12

Seynaeve v. Hudson Moving & Storage, Inc.,
261 A.D.2d 168, 690 N.Y.S.2d 16 (1st Dep't 1999).....................................................................16

Sunrise One, LLC v. Harleysville Ins. Co. of New York,
293 F. Supp. 3d 317 (E.D.N.Y. 2018) ............................................................9

SUS, Inc. v. St. Paul Travelers Group,
75 A.D.3d 740, 905 N.Y.S.2d 321 (3d Dep't 2010) ........................................6

TBL Collectibles, Inc. v. Owners Ins. Co.,
285 F. Supp. 3d 1170 (D. Colo. 2018) ..........................................................13

Teig v. First Unum Ins. Co.,
282 A.D.2d 669, 723 N.Y.S.2d 707 (2d Dep't 2001) .....................................16

Throgs Neck Bagels, Inc. v. GA Ins. Co. of N.Y.,
241 A.D.2d 66, 671 N.Y.S.2d 66 (1st Dep't 1998) .........................................5

Valis v. Allstate Ins. Co.,
132 A.D.2d 658, 518 N.Y.S.2d 153 (2d Dep't 1987) .....................................17

West Street Props., LLC v. American States Ins. Co.,
124 A.D.3d 876, 3 N.Y.S.3d 58 (2d Dep't 2015) .............................................5

## PRELIMINARY STATEMENT

Defendants OHIO SECURITY INSURANCE COMPANY ("Ohio Security") and

LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") (wrongly named as

"Liberty Mutual Insurance") respectfully submit this memorandum of law in support of their

motion for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), as follows: (1) dismissing the

Complaint in its entirety as to Liberty Mutual for failure to state a claim upon which relief can be

granted; (2) dismissing plaintiffs' first claim for relief for breach of the implied covenant of good

faith and fair dealing for failure to state a claim upon which relief can be granted; (3) dismissing

plaintiffs' third claim for relief for declaratory relief for failure to state a claim upon which relief

can be granted; (4) dismissing plaintiffs' prayer for recovery of consequential damages; (5)

dismissing plaintiffs' prayer for recovery of attorneys' fees; (6) dismissing plaintiffs' prayer for

recovery of punitive damages; and (7) granting such other and further relief as this Court deems

just and proper.

Plaintiffs PETER J. BATTAGLIA, JR., a/k/a PETER J. BATTAGLIA and

PETER BATTAGLIA ("Battaglia") and BATTAGLIA DEMOLITION, INC. ("BDI")

(collectively, "Plaintiffs") commenced this action seeking recovery under a property insurance

policy for a fire loss. The insurance policy was issued by Ohio Security, not Liberty Mutual.

Accordingly, Liberty Mutual cannot be liable for the allegations in the complaint, as it did not

issue the insurance policy. See Point I.

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing

is, by its own language, entirely duplicative of, and factually indistinguishable from, their breach

of contract claim. Indeed, Plaintiffs fail to identify any damages separate from amounts that they

claim they are due under the policy. Moreover, while including a boilerplate claim for

1

consequential damages in the Complaint, the Plaintiffs fail to properly plead, or even identify, any such damages, let alone plead that they were foreseeable and within the contemplation of Ohio Security and the Plaintiffs at the time that the relevant insurance policy was made. Without damages separate from contract damages, i.e., the amount allegedly owed under the policy, Plaintiffs' claims of bad faith and consequential damages both must fail.  See Point II.

Plaintiffs' third claim for relief, for declaratory relief must be dismissed because Plaintiffs, even if successful, may be made whole by monetary damages.

Plaintiffs are also not entitled to recovery of attorneys' fees.  Plaintiffs do not, and cannot, allege a statute, agreement, or court rule that would provide for recovery of attorneys' fees in the case at bar.

Plaintiffs' allegations, even if accepted, do not support recovery of punitive damages.

## SUMMARY OF FACTS AND ALLEGATIONS

This matter arises out of a fire loss that occurred at the warehouse premises owned by plaintiff BDI, at 1037-1055 Seneca Street, Buffalo, New York (the "Premises") on or about August 21, 2021 (the "Loss").

Ohio Security issued a Commercial Lines policy, No. BKS (22) 58 77 61 81, with a policy period from April 20, 2021 to April 20, 2021, to Battaglia and BDI, as the Named Insureds (the "Ohio Policy").  (See Declaration in Support of Motion to Dismiss of Glenn P. Berger, dated February 20, 2024 ["Berger Decl."] ¶ 4, Exhibit "B".)

Every page of the Declarations of the Ohio Policy clearly states at the top: "Coverage Is Provided In: Ohio Security Insurance Company."  The Ohio Policy defines the terms "we", "us" and "our", phrases used throughout the insurance policies in discussing the

obligations thereunder, as follows: "The words "we," "us" and "our" refer to the Company providing this insurance." The the appearance of a "Liberty Mutual Insurance" logo in the header on some pages of the Ohio Policy does not affect what insurance company is the obligated insurer under the Ohio Policy. Indeed, the logo is followed by a ®, signifying that the logo is a registered trademark used by Ohio Security. Plaintiffs do not, and cannot, allege that Ohio Security lacks the ability to satisfy any conceivable judgment herein or that there exists any other basis for piercing the corporate veil.[1]

In the course of its investigation of the Loss, Ohio Security discovered that BDI's business had been shut down by a Court prior to policy inception for operating without proper permits. (See Berger Decl., ¶ 5, Exhibit "C".)[2] The Court Decision had not been disclosed to Ohio Security when Plaintiffs applied for insurance, nor the ensuing Order and Judgment, and Ohio Security accordingly rescinded the policy and denied the claim.

The Complaint alleges three causes of action. The first cause of action alleges breach of an "obligation to provide coverage and full payment for all covered damages" and breach of the implied covenant of good faith and fair dealing, and seeks compensatory, consequential and punitive damages, as well as interest, attorneys' fees, and costs and disbursements. The second cause of action alleges breach of contract with respect to the Ohio Policy, and seeks actual damages, attorneys' fees and costs and disbursements. The third cause of action seeks a declaration that Ohio Security and Liberty Mutual are obligated to provide insurance coverage and reimburse Plaintiffs "for the entirety of their claimed loss and all

---

[1] Ohio Security is a subsidiary of Liberty Mutual, which owns 78% of the shares of Ohio Security.

[2] This Court may consider the Court Order on this motion to dismiss. See Kabrovski v. City of Rochester, New York, 149 F. Supp. 3d 413, 418 (W.D.N.Y. 2015) (held that court may take judicial notice of matters of public record, such as court orders, on a motion to dismiss for failure to state a claim).

resulting consequential damages arising from their breach." In the <u>ad</u> <u>damnum</u> clause of the

Complaint, Plaintiffs seek punitive damages and attorneys' fees on all three causes of action.

## ARGUMENT

### Point I

### THE ACTION SHOULD BE DISMISSED AS AGAINST LIBERTY MUTUAL BECAUSE IT IS NOT A PARTY TO THE OHIO POLICY

Plaintiffs' claims against Liberty Mutual should be dismissed because Liberty

Mutual did not issue, and cannot have any coverage obligation under, the Ohio Policy. The

federal pleading standard requires a claim to have "facial plausibility," which only occurs "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct.

1937, 1949 (2009). Plaintiffs do not, because they cannot, make any allegations against Liberty

Mutual that "nudge their claims across the line from conceivable to plausible." <u>Bell Atlantic</u>

<u>Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

In interpreting the parties' rights under an insurance policy, courts are guided by

the rules of contract interpretation because "an insurance policy is a contract between the insurer

and the insured." <u>Gilbane Ldg. Co./TDX const. Corp. v. St. Paul Fire and Marine Ins. Co.</u>, 143

A.D.3d 146, 151, 38 N.Y.3d 1, 4 (1st Dep't 2016); <u>see</u> <u>In re Estates of Covert</u>, 97 N.Y.2d 68, 735

N.Y.S.2d 879 (2001); <u>see</u> <u>also</u> <u>Bovis Lend Lease LMB, Inc. v. Great AM. Ins. Co.</u>, 53 A.D.3d

140, 145, 855 N.Y.S.2d 459, 459 (1st Dep't 2008). Accordingly, "[l]iability for breach of

contract does not lie absent proof of a contractual relationship or privity between the parties."

<u>Hamlet at Willow Creek Development Co., LLC v. Northeast Land Development Corp.</u>, 64

A.D.3d 85, 104, 878 N.Y.S.2d 97, 110 (2d Dep't 2009).

A non-party to a contract cannot be bound by that contract. <u>Pacific Carlton Dev.</u>

4

Corp. v. 752 Pacific, LLC, 62 A.D.3d 677, 678, 878 N.Y.S.2d 421, 422 (2d Dep't 2009); see also

Randall's Island Aquatic Leisure, LLC v. City of N.Y., 92 A.D.3d 463, 462, 938 N.Y.S.2d 62,

63 (1st Dep't 2012) ("[t]here can be no breach of contract claim against a non-signatory to the

contract[.]").  Furthermore, "[i]nsurance policies are, in essence, creatures of contract, and

accordingly, subject to principles of contract interpretation." In re Estates of Covert, 97 N.Y.2d

68, 76, 735 N.Y.S.2d 879, 885 (2001) (citations omitted); Throgs Neck Bagels, Inc. v. GA Ins.

Co. of N.Y., 241 A.D.2d 66, 69, 671 N.Y.S.2d 66, 68 (1st Dep't 1998) ("An insurance contract is

to be interpreted by the same general rules that govern the construction of any written contract

and enforced in accordance with the intent of the parties as expressed in the language employed

in the policy").

It follows that a corporation that did not issue an insurance policy cannot possibly

have any obligation to pay damages or provide coverage under that policy. West Street Props.,

LLC v. American States Ins. Co., 124 A.D.3d 876, 879, 3 N.Y.S.3d 58, 61 (2d Dep't 2015)

(dismissing claims against defendant insurers that "did not issue the subject policy and were not

responsible for payment of claims under the policy"); Goodfellow v. Allstate Indem. Co., No.

14-CV-642S, 2014 WL 7384239, at *1 (W.D.N.Y. Dec. 29, 2014) ("Allstate Insurance Company

must be dismissed from this action, as only Defendant Allstate Indemnity Company was a party

to the relevant insurance contract[.]"); Peralta v. Figueroa, No. 28093/06, 2007 WL 4104122, at

*13-14 (Sup. Ct. Kings Cnty., Nov. 14, 2007).

Plaintiffs' entire claims are predicated on the Ohio Policy, which is therefore

integral to the claims asserted.[3]  As such, the subject policy is incorporated by reference in the

---

[3] Plaintiffs allege that "OSIC and LMI issued a commercial insurance policy to Battaglia and Battaglia Demolition, Policy No. BKS (22)58776181, for the period from April 20, 2021 to April 20, 2022 (the 'Policy')." (See Complaint, ¶ 9.)

Complaint and may be considered on this motion to dismiss. <u>2004 Stuart Moldaw Tr. v. XE</u>
<u>L.I.F.E., LLC</u>, 642 F. Supp. 2d 226, 238 n.10 (S.D.N.Y. 2009), <u>aff'd</u>, 374 F. App'x 78 (2d Cir.
2010); <u>Governmental Employees Ins. Co. v. Ohio Cas. Grp.</u>, 47 F. Supp. 3d 190, 194 n.6
(S.D.N.Y. 2014).

       In <u>SUS, Inc. v. St. Paul Travelers Group</u>, 75 A.D.3d 740, 741, 905 N.Y.S.2d 321,
323 (3d Dep't 2010), plaintiffs commenced a suit against, among others, six affiliated insurance
companies: St. Paul Travelers Group, Travelers Indemnity Company, Travelers Indemnity
Company of America, St. Paul Travelers Companies, Inc., St. Paul Fire and Marine Insurance
Company, and Charter Oak Fire Insurance Company ("Charter Oak"). <u>Id.</u> Five of the defendant
insurers moved to dismiss the complaint against them because only Charter Oak issued the
policy in question. <u>Id.</u> In support of their motion, the defendants submitted the applicable
insurance policy and its declarations pages, both of which plainly showed that Charter Oak was
the only party providing the insurance. <u>Id.</u> at 742, 905 N.Y.S.2d at 324. Based on these
documents, the Court dismissed the plaintiffs' complaint against the other five insurance
companies. <u>Id.</u> The Court further noted that the fact that parent company logos or copyright
notices appear at the top of declaration pages does not serve to create an ambiguity where none
exists. <u>Id.</u> at 742 n.1, 905 N.Y.S.2d at 324 n.1.

       Similarly, Plaintiffs in the instant matter have improperly sued Liberty Mutual
seeking payment under an insurance policy issued by Ohio Security. (<u>See</u> Berger Decl., ¶4,
Exhibit "B".) However, Liberty Mutual did not issue the insurance policy, and it could not be
responsible for any claims payments. That the Ohio Policy has parent company logos or
trademarks does not alter this result. <u>SUS</u>, 75 A.D.3d at 742 n.1, 905 N.Y.S.2d at 324 n.1.

       Accordingly, pursuant to <u>SUS</u> and the other aforementioned authorities, the

Complaint should be dismissed as against Liberty Mutual in its entirety.

## Point II

### THIS COURT SHOULD DISMISS THE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract. Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002); New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 289 (1995). In the insurance context, the sole purpose of a claim for breach of the implied duty of good faith and fair dealing is the ability to obtain extracontractual relief. Such relief would allow recovery of monies not normally due and owing pursuit to the terms of the policies, but which are consequential damages caused by breach of the insurance policies.

Here, Plaintiffs do not and cannot allege essential elements to their breach of the implied duty of good faith and fair dealing claim of an insurance policy. They do not and cannot allege that recovery of consequential damages were within the contemplation of both Ohio Security and Plaintiffs when the policy was issued. They do not and cannot allege that Ohio Security acted in gross disregard of Plaintiffs' interests. They do not and cannot allege that Plaintiffs' suffered any consequential damages. The failure to allege any one of these elements compels the conclusion that the claim for breach of the implied duty of good faith and fair dealing is nothing more than duplicative of the breach of contract cause of action and should be dismissed.

### A.   Consequential Damages Were Not Foreseeable or Contemplated

Consequential damages are available in New York only where "such unusual or extraordinary damages [have] been brought within the contemplation of the parties as the

probable result of a breach at the time of or prior to contracting." <u>Kenford Co., Inc. v. County of Erie</u>, 73 N.Y.2d 312, 319, 540 N.Y.S.2d 1, 3-4 (1989).  The nature, purpose, and particular circumstances of the contract known by the parties are factors to be considered in determining whether damages were reasonably contemplated by the parties. <u>Id.</u> at 319, 540 N.Y.S.2d at 4. "

        Consequential damages are only recoverable in a breach of contract action upon a showing that they were foreseeable and within the contemplation of the parties at the time the contract was made. <u>See</u> <u>American List Corp. v. U.S. News and World Report, Inc.</u>, 75 N.Y.2d 38, 43, 550 N.Y.S.2d 590, 593 (1989); <u>Orester v. Dayton Rubber Mfg. Co.</u>, 228 N.Y. 134, 137, 126 N.E. 510, 511 (1920) (breach of contract damages are only those that naturally arise from the breach of itself). "Unless a plaintiff alleges that the specific injury was of a type contemplated by the parties at the time of contracting, a claim for consequential damages should be dismissed." <u>Ripka v. Safeco Ins.</u>, No. 5:14-CV-1442, 2015 WL 3397961, at *4 (N.D.N.Y. May 26, 2015); <u>Int'l Rehab. Scis. Inc. v. Gov't Emps. Ins. Co.</u>, No. 12-CV-1225-A, 2014 WL 6387276, at *2-4 (W.D.N.Y. Nov. 14, 2014).

        In applying the decisional law to the case at bar, it is clear that Plaintiffs do not, and cannot, state a claim for relief for recovery of consequential damages against Ohio Security. Plaintiffs fail to allege any facts supporting an inference that both Ohio Security and Plaintiffs contemplated recovery of consequential damages on this type of insurance claim.  Moreover, there is nothing in the language of the Ohio Policy, a copy of which is submitted with this motion, expressing an intent or understanding that any anticipated dispute would result in consequential damages. This action is nothing more than a dispute over coverage of Plaintiffs' claim after Ohio Security's disclaimer.

**B.**     **Plaintiffs Do Not and Cannot Allege that Ohio Security Acted in Bad Faith**

Under New York law, an insured has a high hurdle to establish a claim for "bad

faith." In order to establish bad faith, "the plaintiff must establish that the insurer's conduct

constituted a 'gross disregard' of the insured's interests—that is, a deliberate or reckless failure to

place on equal footing the interests of [the] insured with [the] insurer's own interests." Brown v.

Erie Ins. Co., 207 A.D.3d 1144, 1145, 172 N.Y.S.3d 299, 301 (4th Dep't 2022) (citing Pavia v.

State Farm Mut. Auto. Ins. Co., 82 N.Y.2d 445, 605 N.Y.S.2d 208 (1993)); Miller v. Allstate

Indem. Co., 132 A.D.3d 1306, 1307, 17 N.Y.S.3d 240, 242 (4th Dep't 2015).

A plaintiff is not required to prove the insurer acted with "sinister motives," but a

plaintiff does need to establish more than mere negligence or mistake in judgment. Quincy Mut.

Fire Ins. Co. v. New York Cent. Mut. Fire Ins. Co., 89 F. Supp. 3d 291, 307 (N.D.N.Y. 2014). A

mere difference of opinion between an insurer and an insured over the availability of coverage is

insufficient. Sunrise One, LLC v. Harleysville Ins. Co. of New York, 293 F. Supp. 3d 317, 328

(E.D.N.Y. 2018) (also noting that "[a]lthough courts in this Circuit acknowledge that an insured

can theoretically recover consequential damages from an insurer in a breach of contract action,

they 'have generally found that the plaintiff was unable to meet the high standard to prevail on

such a claim'").

Without "bad faith", an insured is not entitled to recovery of extra-contractual

damages. Jane Street Holding, LLC v. Aspen Am. Ins. Co., No. 13 Civ. 2291 (RWS), 2014 WL

28600, at *10 (S.D.N.Y. Jan. 2, 2014), aff'd, 581 F. App'x 49 (2d Cir. 2014); Sunrise One, LLC,

293 F. Supp. 3d at 328.

In the case at bar, Plaintiffs have not, and cannot, allege facts supporting an

inference showing that Ohio Security acted with gross disregard of its insured interest. Even an

allegation of negligence is not enough. At best, Plaintiffs allege a reasonable dispute with Ohio

Security regarding coverage. Whether or not Ohio Security is ultimately proven wrong does not mean that it breached the duty of good faith and fair dealing. Accordingly, because Plaintiffs cannot allege that Ohio Security was more than negligent or wrong in its coverage determination, this Court should dismiss Plaintiffs' claim for breach of the duty of good faith and fair dealing.

## C.    Plaintiffs Fail To Plead Consequential Damages

The Complaint fails to identify any consequential damages allegedly sustained, instead asserting only a generalized right to such damages. Minimal pleading requirements are not met merely by an allegation that a claimant "suffered damages" without particular facts as to how it was damaged. See e.g. Miller v. HSBC Bank U.S.A., N.A., No. 13 CIV. 7500, 2015 WL 585589, at *4 (S.D.N.Y. Feb. 11, 2015); Int'l Bus. Machines Corp. v. Dale, No. 7:11-CV-951 VB, 2011 WL 4012399, at *2 (S.D.N.Y. Sept. 9, 2011).

Claims for special or consequential damages must be fully and accurately stated, with sufficient particularity to identify actual losses, and a general allegation of a dollar amount will not suffice. Ripka v. Safeco Ins., at *5; Ebrahimian v. Nationwide Mut. Fire Ins. Co., 960 F. Supp. 2d 405, 418 (E.D.N.Y. 2013); see also Bibeault v. Advanced Health Corp., No. 97 Civ. 6026 (WHP), 2002 WL 24305, at *6 (S.D.N.Y. Jan. 8, 2002) ("Special or consequential damages seek to compensate a plaintiff for losses other than the value of the promised performance that are incurred as a result of the defendant's breach" and "must be plead with particularity"). For example, in Franklin v. Liberty Mut. Ins. Co., No. 08 Civ. 7120 (DAB)(DF), 2010 WL 5758984, at *3 (S.D.N.Y. Oct. 22, 2010), the District Court, in dismissing complaint alleging consequential damages for breach of an insurance policy, reasoned that plaintiff "offers no allegations to explain the nature of such harm, how he came to suffer that harm, or why it was foreseeable." In Jane Street Holding, 2014 WL 28600, at * 11, in dismissing a bad faith claim, the District Court reasoned and held that "Plaintiff has not pled that they suffered any damages

10

as a consequence of the alleged bad faith refusal to pay their claim other than the costs associated

with bringing a legal action to enforce their claim."

In Ebrahimian, the District Court dismissed the policyholder's claim for recovery

of consequential damages for the insurer's alleged bad faith breach of a homeowner's policy.  In

dismissing the claim, the District Court reasoned and held as follows:

> In the case at bar, **the Plaintiffs do not adequately allege that**
> **they suffered any damages as a consequence of the Defendant's**
> **alleged bad faith refusal to pay their claims other than the**
> **damages associated with the alleged breach of the Policy**. *See*
> *Royal lndem. Co. v. Salomon Smith Barney, Inc.*, 308 A.D.2d 349,
> 350, 764 N.Y.S.2d 187 (1st Dept.2003) ("Allegations that an
> insurer had no good faith basis for denying coverage are redundant
> to a cause of action for breach of contract based on the denial of
> coverage, and do not give rise to an independent tort cause of
> action, regardless of the insertion of tort language into the
> pleading").  (Emphasis supplied.)

Ebrahimian, 960 F. Supp. 2d at 416-17.

Here, Plaintiffs do not plead recoverable consequential damages with any particularity.  They do

not even allege a dollar amount, let alone any particularity of the nature of any consequential

damages claimed.  They do not allege, let alone particularize, any specific consequential or

economic loss they suffered by reason of Ohio Security's alleged breach of the Ohio Policy.

Plaintiffs offer no allegations to explain the nature of the alleged consequential damages, how

they came to suffer that harm, or why such damages was foreseeable.  Instead, Plaintiffs merely

tack on generic boilerplate requests for consequential damages to their claims, without any

explanation, or even an amount, of what is claimed.

Indeed, it would appear impossible for Plaintiffs to have sustained any

consequential damages.  BDI's business had already been shut down by Court Order prior to

inception of the Ohio Policy.

Accordingly, for the foregoing reasons, this Court should dismiss Plaintiffs' claim for recovery of consequential damages.

**D.      Plaintiffs' Bad Faith Claim Is Duplicative of Their Contract Claim**

A claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract.  Harris, 310 F.3d at 80: ("New York law ... does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled"); Sanderson v. First Liberty Ins. Corp., No. 8:16-CV-644, 2017 WL 5176371, at *4 (N.D.N.Y. Nov. 7, 2017); see also Jane Street Holding, at *10  ("When the alleged breach of the implied covenant of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from the breach of the insurance contract, those claims are redundant").

In this case, it is clear, even from the bare-bones allegations in the Complaint, that any claims for breach of the implied duty of good faith and fair dealing are redundant and should be dismissed.  Plaintiffs fail to plead any identifiable damages separate from "amounts owed under the Policy."  As such, their cause of action for breach of the implied covenant of good faith and fair dealing is entirely duplicative of their contact claim and should be dismissed.  Compass Concierge, LLC v. 142 Duane Realty Corp., 222 A.D.3d 428, 429, 201 N.Y.S.3d 35, 37 (1st Dep't 2023) (affirming dismissal of cause of action for breach of the implied duty of good faith and fair dealing, where the allegations on the good faith and fair dealing claim mirror the breach of contract claim, and both claims seek the same contractual damages); Atwal v. NortonLifeLock, Inc., No. 20-CV-449S, 2022 WL 327471, at *10-11 (W.D.N.Y. Feb. 3, 2022) (bad faith claim dismissed where plaintiff's alleged breach of duty of good faith and fair dealing

was identical to his breach of contract claim); Polaris Venture Partners VI L.P. v. AD-Venture

Cap. Partners L.P., 179 A.D.3d 548, 548, 114 N.Y.S.3d 639, 640 (1st Dep't 2020) (the claim for

breach of the implied covenant of good faith and fair dealing should have been dismissed as

duplicative, because it arises from the same facts and seeks the same damages as the contract

claim).  Therefore, Plaintiffs' first cause of action should be dismissed as redundant and merely

duplicative of their breach of contract claim.

   Accordingly, for the several reasons set forth herein above, this Court should

dismiss the claim for breach of the duty of good faith and fair dealing alleged in the Complaint.

**Point III**

**THE CLAIM FOR DECLARATORY RELIEF SHOULD BE DISMISSED**

   "[T]here is no basis for declaratory relief where only past acts are involved."

Mariah Re Ltd. v. Am. Family Mut. Ins. Co., 52 F. Supp. 3d 601, 623 (S.D.N.Y. 2014), aff'd sub

nom., Maria Re Ltd. ex rel. Varga v. Am. Family Mut. Ins. Co., 607 F. App'x 123 (2d Cir. 2015).

"Declaratory judgment is meant to define the legal rights and obligations of the parties in

anticipation of some future conduct, not simply to proclaim liability for a past act." Pagliaroni v.

Mastic Home Exteriors, Inc., 310 F. Supp. 3d 274, 294 (D. Mass. 2018)(citation omitted).

"[M]oney damages for the alleged breach of contract provides a more complete remedy than a

mere declaration that plaintiff performed its duties under the contract." TBL Collectibles, Inc. v.

Owners Ins. Co., 285 F. Supp. 3d 1170, 1196 (D. Colo. 2018).  "Federal courts should refuse to

grant declaratory relief where another remedy will be more effective or appropriate under the

circumstances." Dresser Indus., Inc. v. Ins. Co. of N. Am., 358 F. Supp. 327, 330 (N.D. Tex.),

aff'd, 475 F.2d 1402 (5th Cir. 1973).

   Here, Plaintiffs are seeking monetary damages for breach of contract for allegedly

13

failing to pay benefits under the Policy for a Loss that already occurred.  Given that Plaintiffs, if successful, could be made whole by monetary damages, the only viable claim would be their breach of contract action seeking monetary damages.

Accordingly, this Court should dismiss the third claim for relief seeking a declaratory judgment and limit this action to a claim for monetary damages.

**Point IV**

**PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF ATTORNEYS' FEES**

It has long been the universal rule that "[a] prevailing party may not recover an attorney's fee from the losing party except where authorized by statute, agreement, or court rule." Ins. Co. of Greater N.Y. v. Clermont Armory, LLC, 84 A.D.3d 1168, 1171, 923 N.Y.S.2d 661, 663-64 (2d Dep't 2011).  Here, there is no statute, agreement, or court rule pursuant to which Plaintiffs could be entitled to recovery of attorneys' fees.

An exception exists under insurance law were an insurer on a liability policy brings a successful affirmative action against its insured seeking a declaration of it does not owe coverage.  However, "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle her rights under the policy." Kantrowitz v. Allstate Indem. Co., 48 A.D.3d 753, 754, 853 N.Y.S.2d 151, 152 (2d Dep't 2008) (dismissing, based on insurer's CPLR 3211 (a)(7) motion, claims for attorneys' fees, costs, and disbursements in the ad damnum clause); New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d at 324, 639 N.Y.S.2d at 292; O'Keefe v. Allstate Ins. Co., 90 A.D.3d 725, 726, 934 N.Y.S.2d 481, 483 (2d Dep't 2011). Moreover, regardless of whether the insurer sued the insured, a claim for recovery of attorneys' fees only applies to claims involving liability policies where the insurer may owe a duty to defend.  As the New York Appellate Division in a similar matter has stated,

14

> [R]ecovery is only possible where the insurer has a duty to defend
> the insured.  Here, the policy covered only property damage and
> was not a liability policy, but rather a casualty policy.
> Consequently, ICGNY had no duty to defend Clermont, and its
> commencement of this action did not put Clermont in a "defensive
> posture."

Ins. Co. of Greater New York v. Clermont Armory, LLC, 84 A.D.3d 1168, 1171, 923 N.Y.S.2d

661, 664 (2d Dep't 2011); Great N. Ins. Co. v. Dayco Corp., 637 F. Supp. 765, 788 (S.D.N.Y.

1986)(in New York, the right to recover attorneys' fees incurred in defending a declaratory

judgment action brought by the insurer is limited to situations where the insurer breached its duty

to defend").

Here, it is clear that this Court should dismiss Plaintiffs' prayer for recovery of

attorneys' fees incurred in the prosecution of this action.  First, Plaintiffs do not and cannot

allege a statute, agreement, or court rule that would provide for the recovery of attorneys' fees.

Second, Plaintiffs have not been placed in a defensive posture by Ohio Security.  Rather, they

commenced this action against Ohio Security.  Third, Plaintiffs do not, and cannot, allege that

they seek relief under a liability insurance policy or that Ohio Security breached a duty to

defend.  Accordingly, pursuant to Kantrowitz, O'Keefe, and the other aforementioned

precedents, Plaintiffs' prayer for recovery of attorneys' fees in the Complaint should be stricken

and dismissed.

### Point V

### PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF PUNITIVE DAMAGES

"A demand or request for punitive damages is parasitic and possesses no viability

absent its attachment to a substantive cause of action." Rocanova v. Equitable Life Assurance

Soc'y, 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 344 (1994).  As the Court of Appeals held in New

York Univ., 87 N.Y.2d at 316, 639 N.Y.S.2d at 287, to sustain a claim for punitive damages, a

plaintiff must allege the following:

> (1) defendant's conduct must be actionable as an independent tort;
> (2) the tortious conduct must be of the egregious nature set forth in
> Walker v. Sheldon . •. (3) the egregious conduct must be directed
> to plaintiff; and (4) it must be part of a pattern directed at the
> public generally ...

Punitive damages are not recoverable unless each of the aforementioned elements

is pleaded. See Paterra v. Nationwide Mut. Fire Ins. Co., 38 A.D.3d 511, 513, 831 N.Y.S.2d

468, 469 (2d Dep't 2007) (dismissing claim for punitive damages, as there was no basis for

determining that defendant's conduct was actionable as an independent tort); American Transit

Ins. Co. v. Associated Int'l Ins. Co., 261 A.D.2d 251, 252, 690 N.Y.S.2d 237, 238 (1st Dep't

1999)("the pleaded allegations do not suffice as a predicate for an award of punitive damages

since the underlying wrongful conduct was focused upon plaintiff and not aimed systematically

at the public generally"); Seynaeve v. Hudson Moving & Storage, Inc., 261 A.D.2d 168, 169,

690 N.Y.S.2d 16, 17 (1st Dep't 1999)(punitive damages may only be recovered where

defendant's conduct is "morally culpable" or "actuated by evil and reprehensible motives, not

only to punish the defendant but to deter [it] as well as others who might otherwise be so

prompted, from induling (sic) in similar conduct in the future"); Teig v. First Unum Ins. Co., 282

A.D.2d 669, 669-70, 723 N.Y.S.2d 707, 707 (2d Dep't 2001) ("the claim for punitive damages ...

does not allege the breach of any duty owed to the plaintiff which would give rise to a cause of

action based on an independent tort .... ").

"A claim for punitive damages against an insurer is cognizable in New York only

in circumstances where a plaintiff has made sufficient evidentiary allegations of ultimate facts of

fraudulent and deceitful scheme in dealing with the general public as to imply a criminal

indifference to civil obligations." Holoness Realty Corp. v. New York Property Ins.

Underwriting Ass'n, 75 A.D.2d 569, 570, 427 N.Y.S.2d 264, 265 (1st Dep't 1980). "Allegations against an insurer for breach of an insurance contract, even a breach committed willfully, and without justification, as is alleged in the instant complaint, are insufficient for recovery of punitive damages." Valis v. Allstate Ins. Co., 132 A.D.2d 658, 659, 518 N.Y.S.2d 153, 154 (2d Dep't 1987); see also Fleming v. Allstate Ins. Co., 106 A.D.2d 426, 426, 482 N.Y.S.2d 519, 520 (2d Dep't 1984) ("allegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages").

In applying the aforementioned elements necessary for recovery of punitive damages, it is clear that Plaintiffs have not, and cannot, allege the necessary elements to sustain a claim for recovery of such damages as against Ohio Security. First, Plaintiffs have not alleged that Ohio Security's conduct is actionable as an independent tort. As discussed above, the instant matter sounds in breach of contract. "Since there is no basis for determining that the defendant's conduct constituted a tort independent of the contract, the plaintiffs' demand for punitive damages also should have been dismissed." Paterra, 38 A.D.3d at 513, 831 N.Y.S.2d at 470; see also Valis, 132 A.D.2d at 659, 518 N.Y.S.2d at 154.

Plaintiffs have not alleged tortious conduct of an egregious nature by Ohio Security or that the egregious conduct was directed towards the Plaintiffs. The New York Court of Appeals in Rocanova, 83 N.Y.2d at 614,612 N.Y.S.2d at 343, described the egregious nature as being conduct of "such wanton dishonesty as to imply a criminal indifference to civil obligations." In Rocanova, the Court of Appeals found that the allegations that the insurer did not intend to meet its contractual obligations under the policy were insufficient to demonstrate that the wrong to the plaintiff was of an egregious nature. As in Rocanova, the allegations in the Plaintiffs' Complaint relate solely to the contractual relationship with Ohio Security and the

dissatisfaction with Ohio Security's performance of its alleged contractual obligations.  Plaintiffs

do not, and cannot, allege any conduct involving moral turpitude or wanton dishonesty towards

them, or anyone else for that matter.

Accordingly; pursuant to <u>Rocanova</u>, <u>New York Univ.</u>, and the other

aforementioned authorities, this Court should dismiss Plaintiffs' claim for recovery of punitive

damages.  Plaintiffs cannot allege, and have not alleged, a single element necessary to establish

the right to such a recovery.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant

Defendants' motion in all respects and issue an Order: (1) dismissing Plaintiffs' Complaint in its

entirety as against Liberty Mutual; (2) dismissing Plaintiffs' claims for bad faith, declaratory

relief; consequential damages, attorney's fees, and punitive damages; and (3) granting such other

and further relief as this Court deems just and proper.

Dated:    White Plains, New York
          February 20, 2024

Respectfully Submitted,

JAFFE & ASHER LLP

By: _____
     Marshall T. Potashner, Esq.
     Glenn P. Berger, Esq.
Attorneys for Defendants
OHIO SECURITY INSURANCE COMPANY and
LIBERTY MUTUAL INSURANCE COMPANY
445 Hamilton Ave, Suite 405
White Plains, New York 10601
(212) 687-3000

18