UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PETER J. BATTAGLIA, JR. and BATTAGLIA DEMOLITION, INC., | **REPORT AND RECOMMENDATION** |
| Plaintiffs, | 1:24-cv-00052(LJV)(JJM) |
| v. | |
| OHIO SECURITY INSURANCE COMPANY, | |
| Defendant. | |

Before the court is defendant Ohio Security Insurance Company's motion for dismissal [27] and Lotempio P.C. Law Group's motion to withdraw as attorneys for plaintiffs Peter J. Battaglia, Jr. and his corporation, Battaglia [30], both of which have been referred to me by District Judge Lawrence J. Vilardo for initial consideration [28]. Having reviewed the parties' submissions [27, 30], for the following reasons I recommend that Ohio Security's motion be granted, and that Lotempio's motion be denied as moot.

## BACKGROUND

On December 11, 2023 Lotempio P.C. Law Group's commenced this action in State of New York Supreme Court, County of Erie on behalf of plaintiffs against Ohio Security and Liberty Mutual Insurance Company (sued as Liberty Mutual Insurance) for insurance coverage relating to a fire loss. [1-1]. Following the removal of the action to this court [1], an Amended Complaint was filed [11], and Liberty Mutual was dismissed by Stipulation [12].

On October 8, 2024, Ohio Security served plaintiffs with Interrogatories and a Request for Production of Documents [27-2, 27-3]. When plaintiffs refused to respond to those

discovery demands, Ohio Security requested a court conference [24], which I held on December 2, 2024 [25]. Following that conference, I ordered plaintiffs to respond to the demands by December 13, 2024 [25]. On the deadline for compliance, plainitffs' attorney Frank LoTempio III emailed Ohio Security's attorney Glenn Berger, stating that Peter Battaglia "refuses to provide the information necessary to respond to your demands. Without his cooperation we are unable to respond to your demands at this time . . . . I am not sure that our client understands or has the ability to understand the magnitude of such a refusal. Our office will be making a Motion To Withdraw next week" [27-9].

Ohio Security moved to dismiss this action on January 30, 2025, and I then set a briefing schedule requiring plaintiffs' response by February 13, 2025 [29]. In lieu of responding to that motion, Lotempio P.C. Law Group moved for leave to withdraw as plaintiffs' attorneys, arguing that "[i]ssues have arisen between counsel and Plaintiffs after the representation began to an extent that necessitates counsel's withdrawal from the representation of Plaintiffs". LoTempio Declaration [30-1], ¶2. The motion included a February 4, 2025 e-mail from Peter J. Battaglia Jr., on behalf of himself and Battaglia Demolition, Inc., stating that "I will not participate in any response what so ever, in any shape, matter, or form as I will not subject myself to insurance fraud in the filing of this Federal Court case . . . . I never gave any permission to my attorney's [*sic*] at LoTempio P.C. Law Group to file this court case in any shape, matter or form'". [30-2] at 2.

In addition to requesting leave to withdraw, LoTempio P.C. Law Group asks "that the Court allow Plaintiffs a reasonable time to identify and retain replacement counsel". LoTempio Declaration [30-1], ¶7.

## DISCUSSION

LoTempio P.C. Law Group admits that "Plaintiffs are fundamentally on notice not only [of] the requirements for the prosecution of this case but the prosecution itself". LoTempio Declaration [30-1], ¶3. That includes the obligation to obey court orders. Since plaintiffs have made it quite clear that they have no interest in complying with their discovery obligations or in continuing to prosecute this action, they do not deserve a second chance. "[I]t is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process." Chinn v. Elmwood Franklin School, 2018 WL 6738326, at *7 (W.D.N.Y.), adopted, 2018 WL 6266193 (W.D.N.Y. 2018).

## CONCLUSION

"In the litigation process, when certain moments have passed, district courts are not required to give parties a 'do over'." United States v. Allstate Insurance Co., 2014 WL 10748104, *9 (W.D.N.Y. 2014), adopted, 2016 WL 463732 (W.D.N.Y. 2016), aff'd, 686 F. App'x 23 (2d Cir. 2017). For the reasons discussed, I recommend that Battagia's Amended Complaint be dismissed with prejudice, and that LoTempio P.C. Law Group's motion for leave to withdraw be denied as moot. Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by March 4, 2025. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

- 4 -

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 18, 2025

    /s/   Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge